## GEORGE PIERCY, Ex'or *vs.* HENRY HEDRICK.

### January Term, 1868.

1. Where a party acts as the agent for and in the name of another, in signing the name of the principal to a promissory note, he is a competent witness for the promisee in a suit against the principal, because he was acting for and in the name of another, as his agent, whose name he made known at the time of executing the note; and hence not being personally liable he is not interested, and therefore competent.

2. An agent is a competent witness to prove his own authority when it is by parol.

3. The authority to an agent to accomplish a definite end, carries with it the power to adopt the usual legal means to accomplish the object.

4. P., Jr., proves that he was appointed by P., Sr., as his agent, "to settle a certain controversy and sign the names of A. P. and the said P., Sr., to bonds to be given for the settlement of said controversy," by parol authority. In a suit on a writing given in pursuance of this authority, it is objected that the agency to execute bonds cannot be created by parol. HELD:

> That the contrary not appearing by the record, the presumption arises that an agent could properly be appointed by parol to settle the controversy, which was the primary object of the appointment of the agent; and that the secondary object was to provide for the payment of the amount found due, or agreed upon to be paid, and that the promissory note sued on was executed in settlement of the controversy, therefore its execution was within the authority of the agent.

This case came from the seventh district court of appeals of Virginia, by operation of law.

It arose in *Greenbrier* county in 1859.

A sufficient statement of the material facts is made in the opinion of the Judge who delivered it.

*Lamb & Paull* for the plaintiff in error.

[*] Judge *Harrison* was absent from illness.

The following printed argument was submitted on behalf of the defendant in error:

Was the case properly decided by the court below? I think it was.

The only witness was John Piercy, jr. He was the agent of, and had been authorized by, his father, (one of the obligors), to settle a "certain controversy," by giving "bonds" in the name of Andrew Piercy and John Piercy sr., for the amount of money agreed upon. Upon the evidence two questions of law arise:

I. Was the agent properly authorized or empowered to act?

II. Was the agent a competent witness to prove the agency?

As to the first question "The general rule is that an agent or attorney, may ordinarily be appointed by parol, in the broad sense of that term at common law, that is, by a verbal declaration, in writing not under seal, or by acts and implications." Story on Agency, p. 50, sec. 47, and cases cited. Tuck. Com., p. 85, Agency.

The common law does not require that the authority to an agent to sign an *unsealed* instrument, (as is the case before you,) or a written contract, should be by a writing. Story on Agency, sec. 50, p. 54. Chitty on Con., Ed. 1860, p. 222. An agent by a *verbal* authority may sign and endorse promissory notes for another. *Id.* and cases cited.

In this case the authority to sign was verbal and the notes were unsealed.

An authority to sign a *bond,* will authorize the signing promissory notes; the authority to do the former act, is sufficient for the latter, provided the latter is the proper mode of executing the agency. This agent was appointed to settle a certain controversy, and the authority to accomplish a definite end carries with it the power to adopt the usual legal means, proper to accomplish the proposed object. Chitty on Con., Ed. 1860, p. 236.

An agent unless specially restricted as to his mode of performing his agency may employ the ordinary and proper

means of effecting the object of his agency.    *Trueman* vs. *Loder*, 11 Adol. and Ell., 589; *Andrews* vs. *Kneeland*, 6 Cowen, 354; also, see 21 Wend., 279, and 6 Sergt. and Rawle, 146.

II.  Was the agent a competent witness to prove the agency?

In first Greenleaf Ev., Ed. 1863, sec. 416, p. 570, it is stated that the third class of cases excepted out of the general rule of the incompetency of witnesses on account of interests, is that of *agents*, carriers, factors, &c., when offered to prove the *making* of *contracts*, the receipt of money, &c.  This exception has its foundation in public convenience and necessity.

When the authority was verbally conferred, the agent himself is a competent witness to prove it.   2 Greenl. Ev., p. 58, sec. 63.    *Gould* vs. *Norfolk Lead Co.*, 9 Cush. 352, and cases cited.    *Murry* vs. *Carrot*, 3 Call. 377, (Lyons Judge.)

Though the principal, John Piercy, sr., had not given the authority, he afterwards ratified it, and this would bind him. He furnished the money in his life time to pay one of these notes.   Greenl. Ev., Ed. 1863, sec. 66, page 62.   Story on Agency, sec. 239, et. seq.   Chitty on Contracts, p. 233, Ed. 1860, (10th Ed.)

Slight evidence of ratification will bind the principal, and it is incumbent upon him promptly to disavow the acts of his agent, if he wishes not to be bound.

It may be said that as the note is void as to Andrew J. Piercy, it is void as to John Piercy, sr.   The court will remember that John Piercy, sr., told the witness to sign Andrew J. Piercy's and his own name to the notes.   He knew that Andrew J. Piercy was not bound, and as he was the father of both the witness and Andrew, it is fair to presume, especially as it was the controversy of Andrew that he was settling, that he merely wanted some "memo." of his having paid so much money for his son Andrew; but be this as it may, he was fully aware of all the facts and circumstances, and authorized the notes to be executed in · that manner, and though Andrew was not bound, he was, and it was so intended.   A person owning lands even, may

by parol authorize another to make a contract for the sale thereof, and if a contract in writing be made under such verbal authority, the owner of the lands may be charged by virtue thereof. *Yerby* vs. *Grigsby*, 9 Leigh, 387.

No action in this case can be maintained against the witness. 1st. Because he disclosed the name of his principal at the time of the contract. 2d. Because he had authority from the party sought to be charged, to sign his name to the notes; and 3d, Because he did not exceed his authority. 3 Ro. New Pr. ps. 56–66–67, and cases cited. *Travis* vs. *Claiborne*, 5 Munf., 439, (Roane J.)

The appellee submits the case upon these brief notes, confidently relying upon the greater learning of the court for a fuller vindication of the justice of his cause.

MAXWELL, J. This was an action of debt in the circuit court of Greenbrier county in the name of Henry Hedrick's use, &c., to recover from George Piercy, executor of the last will and testament of John.Piercy, Sr., deceased, the sum of 100 dollars with interest, the amount of a promissory note which the declaration charges was made by the said John Piercy, deceased, and one Andrew Piercy, in the lifetime of the said John Piercy, deceased. The pleadings were a plea of payment, *nil debit* and a plea denying the execution of the note by the said John Piercy in his life-time, the last named plea being verified by the affidavit of the defendant, on which pleas issues were joined. On the trial neither party requiring a jury the case was submitted to the court which rendered a judgment in favor of the plaintiff below for the amount claimed. The defendant thereupon asked the court to grant him a new trial, but the court refused to do so, whereupon the defendant asked the court to certify the facts proved on the trial, which it accordingly did as follows: The plaintiff introduced one John Piercy as a witness, who being sworn, proved the following facts, to-wit: "That his father, the testator of the defendant, had told him to go and settle a certain controversy and sign the names of Andrew Piercy and the said John Piercy, the testator, to

bonds to be given for the settlement of said controversy; that his father, John Piercy, was not present when the names were signed, and never, so far as he knew, saw the writing sued on; that the writing, body and signatures, was wholly in the hand writing of witness, and was in these words and figures following:

*Too* years after *dat* we or either of us promise and *oblig ourselve* to pay Henry Hedrick one *hunderd* dollars for value *reciv'd. Guiven* under our *hand* this 26th day of *Febuary*, 1857.

Signed,                ANDREW PIERCY, [seal.]
                JOHN PIERCY, Sr., [seal.]
                By JOHN PIERCY, Jr.

That four notes were given at the same time the one sued on was given, whereof the one sued on was one; that each of said notes was for 100 dollars; that one of the notes fell due in his father's life-time; that his father gave him (witness) the money to go and pay said note, and that he did so accordingly; that witness had no authority from Andrew Piercy to sign his name to said note, and these being all the facts in the cause, and the court being of opinion that the witness, John Piercy, who appears to have acted merely as the agent of his father, was a competent witness, and that as the writing on which this suit was brought being a promissory note under seal, a parol authority was sufficient to authorize him to bind his principal, gave judgment for the plaintiff."

The plaintiff here claims that the court below erred in allowing the witness, John Piercy, Jr., to testify, because he was interested and incompetent. I think the witness was not interested in the result of the suit; he could not be held personally liable in the note for the amount of it, because he was acting for and in the name of another, as his agent, whose name was made known to Hedrick at the time the note was executed as appears from the note itself. 3 Rob. Prac., new, page 56; 1 Tucker's Com., 88, 89, and authorities there cited. The plaintiff here also claims that the authority of the agent should have been in writing, and that

the witness could not prove his own authority.    I think it well settled that an agent is a competent witness to prove his own authority when it is by parol.    1 Green. Ev., sec. 417, and authorities there cited, and *Gould* vs. *Norfolk Lead Co.*, 9 Cush., 342.    The plaintiff here further claims that though it may have been competent for the witness to prove his agency, yet that the agency proved was to "settle a certain controversy, and sign the names of Andrew Piercy and the said John Piercy. the testator, to bonds to be given for the settlement of said controversy," and that an agency to execute bonds cannot be created by parol.    What the character of the controversy to be settled was does not appear from the bill of exceptions.    It must be supposed, however, as the contrary does not appear, that an agent could properly be appointed by parol to settle it; the primary object of the appointment of the agent was to settle the controversy, and the secondary or incidental object was to provide for the payment of the amount found due or agreed upon to be paid.    The promissory note sued on was executed together with other notes in settlement of the controversy, and I think clearly within the authority of the agent.    The authority to accomplish a definite end carries with it the power to adopt the usual legal means to accomplish the object. Chitty on contracts, edition of 1860, page 236.    *Anderson* vs. *Conley*, 21 Wend., 279.    The promise to pay money is as usually and as appropriately evidenced by promissory note as in any other manner.

I think the judgment ought to be affirmed with damages and costs against the plaintiff in error.

The President concurred.

JUDGMENT AFFIRMED.